IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WOODIE THOMPSON, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) CASE NO. 2:08-cv-287-MEF |
| | ) |
| FREEDOM PATROL, *et al.*, | ) |
| | ) |
| DEFENDANTS. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Woodie Thompson("Thompson")[1] brings this action against Freedom Patrol[2] and Tony Wratchford ("Wratchford"), an employee of Freedom Patrol, for alleged injuries he suffered when Wratchford assaulted him. In his Complaint and his Amended Complaint, Thompson demands $10,000 in compensatory damages for the injuries and mental anguish suffered in the assault and $20,000 in punitive damages. This matter is now pending before the Court on Thompson's motion seeking a default judgment (Doc. # 29).

Neither defendant has filed an answer or any other response to either the Complaint or the Amended Complaint despite having been formally served. Moreover, defendants elected not to respond to Thompson's motion seeking entry of default judgment as the Court directed. Plaintiff applied to the Clerk for entry of default against Wratchford and Freedom

---

[1] Thompson is proceeding *pro se*. He is currently incarcerated by the Alabama Department of Corrections.

[2] Thompson alleges that Freedom Patrol was a contractor to the Alabama Department of Corrections.

Patrol. The Clerk issued an Entry of Default (Doc. # 32) against both defendants on August 14, 2009.

Rule 55(a) of the Federal Rules of Civil Procedure states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules . . . the clerk shall enter the party's default." Once this has occurred, "the party entitled to a judgment by default shall apply to the court therefor." Fed. R. Civ. P. 55(b)(2). The clerk's entry of default causes all well-pleaded allegations of facts to be deemed admitted. *See Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). The Court must accept these facts as true and determine whether they state a claim upon which relief may be granted. *See Anheuser-Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003).

If the Court determines that default judgment can be granted, the Court then turns to the issue of damages. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1364 n.27 (11th Cir. 1997). "If, in order to enable the court to enter judgment . . . it is necessary to take an account or to determine the amount of damages . . . the court may conduct such hearings or order such references as it deems necessary and proper . . . ." Fed. R. Civ. P. 55(b)(2). However, the Court may award damages without a hearing where the "amount claimed is a liquidated sum or one capable of mathematical calculation," and there is "a demonstration by detailed affidavits establishing the necessary facts." *Adolph Coors Co. V. Movement Against Racism & the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985). In the instant case, a hearing is required to determine the amount of damages.

In accordance with the foregoing, it is hereby ORDERED as follows:

1. The Motion for Default Judgment (Doc. # 29) is GRANTED.

2. Default judgment is hereby ENTERED against: Freedom Patrol and Tony Wratchford and in favor of Plaintiff, Woodie Thompson.

3. A evidentiary hearing shall be held before the undersigned to determine the amount of damages awarded in the judgment. This hearing shall commence at **10:00 a.m.** on **October 27, 2009** in Courtroom 2A of the United States Courthouse, One Church Street, Montgomery, Alabama.

*4. The persons having custody of the plaintiff are directed to produce him at the hearing referenced in this Order. Plaintiff should be at the courthouse on the day of hearing at 9:30 A.M.*

*5. The Clerk of Court is DIRECTED to provide the Department of Corrections a copy of this order.*

DONE this the 17th day of August, 2009.

                                                /s/ Mark E. Fuller
                                         CHIEF UNITED STATES DISTRICT JUDGE